**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:38 PM November 14, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANA LYNN REEDY, | ) | CASE NO. 13-62960 |
| | ) | |
| Debtor. | ) | ADV. NO. 14-6044 |
| _____ | ) | |
| DANA LYNN REEDY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| RESIDENTIAL CREDIT | ) | **(NOT FOR PUBLICATION)** |
| SOLUTIONS, INC. AND EMC | ) | |
| MORTGAGE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Now before the court is Defendants' motion to dismiss Plaintiff's complaint. Defendants contend that Plaintiff has not stated a claim upon which relief can be granted.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

1

## BACKGROUND

Plaintiff filed a chapter 7 bankruptcy petition on December 4, 2013 and obtained a discharge on May 2, 2014. When she filed, she listed a mortgage loan on her residence in favor of Defendant Residential Credit Solutions ("Residential Credit"). EMC Mortgage ("EMC") was listed as the "[a]ssignee or other notification for" Residential Credit.

On September 10, 2014, Plaintiff filed an adversary complaint alleging that Residential Credit and EMC (collectively "Defendants") made attempts to collect the mortgage debt that violated both the automatic stay and discharge injunction. Defendants deny any wrongful activity.

## DISCUSSION

Plaintiff's first claim alleges a violation of the § 524 discharge injunction. This circuit does not recognize a private cause of action for violation of the discharge order. Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 422-23 (6th Cir. 2000). Rather, relief lies in a contempt action for violating the discharge order, not in a § 105 remedy. Id. Contempt actions are brought by motion under Bankruptcy Rule 9020, not through adversary proceedings. The question is whether the misstep in filing an adversary proceeding, rather than a motion, is fatal to Plaintiff's first claim.

There is a split among bankruptcy courts on this issue. The bankruptcy court for the Eastern District of Kentucky found it was a fatal procedural flaw, refusing to recognize interchangeability of a motion for contempt and an adversary proceeding. Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes), 454 B.R. 437 (Bankr. E.D. Ky. 2011) (citing Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir. 2011)). However, a sister court in this district was not as rigid, declining to elevate form over substance. Motichko v. Premium Asset Recovery Corp. (In re Motichko), 395 B.R. 25 (Bankr. N.D. Ohio 2008). Yet another court found that the lack of a private right of action, coupled with the failure to mention contempt in the complaint and use of the wrong procedural vehicle, warranted dismissal. Stooksbury v. FSG Bank, N.A. (In re Stooksbury), 208 WL 2169452 (Bankr. E.D. Tenn. 2008).

After reviewing the complaint and the Pertuso opinion, the court finds that the procedural flaw is fatal. The court cannot see the first count of the complaint as anything but pursuit of a claim under § 524, impermissibly relying on § 105 for damages, in direct contravention of Pertuso. Count one must be dismissed, without prejudice.

Defendants' motion to dismiss relies on Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Civil Rule 12 into bankruptcy practice. Plaintiff alleges that Defendants sent her statements while the stay was in effect and thereby violated 11 U.S.C. § 362(a)(6). Defendants argue that the statements contain a bankruptcy disclaimer that relegates the statements to informational mailings and are not attempts to collect the debt. To the extent

2

the mailings are a technical violation, Defendants aver that no harm can be shown.

'[A] course of conduct violates § 362(a)(6) if it (1) could reasonably be expected to have a significant impact on the debtor's determination as to whether to repay, and (2) is contrary to what a reasonable person would consider to be fair under the circumstances.' Harchar v. United States (In re Harchar), 694 F.3d 639, 649 (6th Cir. 2012) (quoting Pertuso, 233 F.3d 417, 423)). To withstand Defendants' motion, Plaintiff's complaint must state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The court found two allegations that pertain to a violation of the automatic stay in the complaint, paragraph numbers seventeen and eighteen. Plaintiff alleges that "[s]tarting in April 2014, RCS started sending [Plaintiff] monthly mortgage statements requesting payment in the amount of $19,277.36. The statements continued into May, June and July 2014." Viewing these allegations as true, the court finds a plausible claim exists. Based on the allegation, the statements were sent after the case was filed, while the stay was in place, and sought payment from the debtor. These allegations present sufficient factual information, taken as true, to present a violation of the stay and withstand Defendants' motion to dismiss. The court will therefore deny the motion as to count two.

An order in conformity with this opinion will be entered immediately.

#      #      #

**Service List:**

Marc E. Dann
The Dann Law Firm Co., LPA
4600 Prospect Avenue
PO Box 6031040
Cleveland, OH 44103

Mary Krasovic
Manley Deas Kochalski
P.O. Box 165028
Columbus, OH 43216-5028